NOT DESIGNATED FOR PUBLICATION

No. 128,932

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD LYNN DILLARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH JOHNSON, judge. Opinion filed November 14, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Donald Dillard appeals the district court's decision to revoke his probation and impose his underlying sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After reviewing the record, the arguments in Dillard's motion, and the State's response, we affirm the district court's judgment.

Dillard pleaded guilty to one count of possession of methamphetamine, a level 5, drug grid, nonperson felony. In exchange for Dillard's guilty plea, the State agreed to dismiss a second charge, recommend the low number in the appropriate sentencing grid box, and recommend probation with drug treatment. The district court accepted Dillard's

1

guilty plea in December 2022 and sentenced him in May 2023. Consistent with the parties' recommendations in the plea agreement, the district court sentenced Dillard to 28 months in prison (the low number in his presumptive sentencing range). It then suspended his sentence and granted probation in the form of drug treatment under K.S.A. 21-6824 (commonly known as Senate Bill 123) for up to 18 months.

Unfortunately, Dillard struggled to comply with the terms of his probation.

In July 2023, Dillard's intensive supervision officer (ISO) issued a warrant alleging that Dillard had violated the terms of his probation in several ways: He had not reported to the ISO, was alleged by the Wichita police to have committed trespass, did not notify his ISO of law enforcement contact, and did not attend drug and alcohol treatment as directed. Dillard admitted to the allegations, and the district court ordered him to serve a three-day jail sanction.

In October 2023, Dillard's ISO issued a warrant alleging that Dillard had again violated the conditions of his release. The ISO stated that Dillard twice did not report as directed, was alleged by the Wichita police to have committed trespass and possession of paraphernalia, and did not notify his ISO of his encounter with the Wichita police. The State later withdrew the allegations made by Wichita police. At a hearing in March 2024, the district court found sufficient grounds to show that Dillard violated the terms of his probation, ordered him to serve a 60-day jail sanction, and extended his probation by 12 months.

In July 2024, Dillard's ISO issued a third probation-violation warrant. This time, the ISO indicated that Dillard had committed an aggravated-weapons violation, battery, and domestic battery. The State later withdrew the battery and domestic battery allegations because the witnesses to the relevant events did not appear. Dillard admitted to the aggravated-weapons allegation, and the district court ordered him to serve another

three-day jail sanction (granting time served). The court also added a new condition to Dillard's probation—that he obtain mental-health treatment.

In January 2025, Dillard's ISO issued the warrant ultimately giving rise to this appeal. The ISO alleged that Dillard had not reported as required and that Dillard's "current whereabouts [were] unknown." The warrant also stated that Dillard had not entered inpatient treatment as directed, and he was unsuccessfully discharged from outpatient treatment for nonattendance. Dillard eventually did appear at a hearing and admitted these violations. The district court noted that this was Dillard's fourth probation-violation hearing but observed that Dillard's conduct had not changed. The court revoked Dillard's probation and ordered him to serve his original sentence of 28 months in prison.

Dillard now appeals, arguing the district court abused its discretion by revoking his probation instead of seeking some alternative disposition.

After the State has established a probation violation occurred, the district court has discretion to extend a person's probation, impose other sanctions, or revoke that person's probation unless the court is otherwise limited by statute. See K.S.A. 22-3716; *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts will only reverse that decision on appeal if it constitutes an abuse of the court's discretion—when the judgment is arbitrary, fanciful, or unreasonable, or based on an error of law or fact. 315 Kan. at 328; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Dillard bears the burden of showing such an error occurred here. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012) ("The party asserting an abuse of discretion bears the burden of establishing it."). He has not done so.

Dillard concedes that because the district court had already entered multiple sanctions against him for previous violations, it had the legal authority to revoke his probation. See K.S.A. 22-3716(c)(1)(C). But he argues that revocation was unreasonable

given his struggles with addiction. He contends that instead of revoking his probation, the district court should have ordered he be treated at a residential program, which he had requested at his last violation hearing.

The serious nature of Dillard's addiction is clear from the record before us. But attending drug treatment (including residential programs) has always been a requirement of Dillard's probation, and the procedural history of this case has not demonstrated that Dillard will successfully participate in treatment. Indeed, Dillard's most recent probation violations included his failure to enter inpatient treatment as directed. The district court's decision to revoke Dillard's probation was eminently reasonable under these circumstances.

Affirmed.